UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CARLOS LIKEE RAINEY, a/k/a<br>Carlos Dishon Johnson-Rainey,<br>"C", and "CJ"<br>        Defendant. | CASE NO.   05-553M<br><br>DETENTION ORDER |

Offenses charged in the District of Alaska:

    Count 1:    Conspiracy in Relation to Cocaine and Methamphetamine Trafficking, in violation of Title 21, U.S.C., Sections 846 and 841(b)(1)(A);

    Counts 2&7:    Distribution of Cocaine, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(C);

    Counts 3-6:    Distribution of Methamphetamine, in violation of 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A);

    Counts 8-9:    Possession with Intent to Distribute Cocaine or Methamphetamine, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B)&©), and,

1  Counts 12-22:Money Laundering, in violation of Title 18, U.S.C., Sections
2  1956(a)(1)(A)(I) & (a)(1)(B)(ii) and 2.
3  Date of Detention Hearing: November 18, 2005.
4  The Court, having conducted both an uncontested detention hearing pursuant to
5  Title 18 U.S.C. § 3142(f) and a preliminary Rule 5(c)(3) inquiry.  The defendant waived his
6  rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the
7  originating district court of the District of Alaska to answer the charges.
8  The detention hearing was uncontested, and the defendant may address the issue
9  of detention in Alaska.  Moreover, based upon the factual findings and statement of reasons
10 for detention hereafter set forth, the Court finds that no condition or combination of
11 conditions which the defendant can meet will reasonably assure the appearance of the
12 defendant as required and the safety of any other person and the community.  The
13 Government was represented by Todd Greenberg.  The defendant was represented by
14 Robert Gombiner.

15 <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

16 (1) There is probable cause to believe the defendant committed the ten+ year
17      drug offense.  There is therefore a rebuttable presumption against the
18      defendant's release based upon both dangerousness and flight risk, under
19      Title 18 U.S.C. § 3142(e).
20 (2) The defendant poses a risk of nonappearance as his background and ties
21      to this district and the District of Alaska are unknown/unverified.
22      Defendant also poses a flight risk as he has access to large sums of cash.
23 (3) The defendant stipulated to detention.
24 Thus, there is no condition or combination of conditions that would reasonably assure
25 future court appearances.
26 //

DETENTION ORDER
PAGE -2-

**It is therefore ORDERED**:

    (l)    The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2)    The defendant shall be afforded reasonable opportunity for private consultation with counsel;

    (3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

    (4)    The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 28th day of November, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-